JENNIFER L. LIU (State Bar No. 279370)
REBECCA PETERSON-FISHER (State Bar No. 255359)
**LIU PETERSON-FISHER LLP**
800 Menlo Avenue, Suite 102
Menlo Park, CA 94025
Telephone: (650) 461-9000
Facsimile: (650) 460-6967
Email: jliu@liupetersonfisher.com
Email: rpf@liupetersonfisher.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| STEVEN MILLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RED ROBIN INTERNATIONAL, INC. dba RED ROBIN BURGER AND SPIRITS EMPORIUMS, and DOES 1-100, inclusive,<br><br>Defendants. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>1) FAILURE TO PAY OVERTIME WAGES, CAL. LAB. CODE §§ 510 AND 1194, AND IWC ORDER NO. 5-2001;<br><br>2) FAILURE TO PROVIDE MEAL AND REST PERIODS, CAL. LAB. CODE §§ 218.5, 226.7, 512, AND 1198, AND IWC ORDER NO. 5-2001;<br><br>3) FAILURE TO PAY EARNED WAGES UPON DISCHARGE, CAL. LAB. CODE §§ 201-203;<br><br>4) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS, CAL. LAB. CODE §§ 226, 1175, AND 1174.5<br><br>5) UNLAWFUL, UNFAIR, and/or DECEPTIVE BUSINESS PRACTICES, CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br><br>6) CIVIL PENALTIES UNDER PRIVATE ATTORNEY GENERAL ACT, CAL. LAB. CODE §§ 2698, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Steven Miller, individually and on behalf of all others similarly situated, by his attorneys, Liu Peterson-Fisher LLP, upon personal knowledge as to himself and belief as to other matters, alleges as follows:

## INTRODUCTION

1. Plaintiff and Class Members are current and former Assistant Managers, Assistant General Managers, and Kitchen Managers who worked and work for Red Robin International, Inc. ("Red Robin"), which operates more than 50 Red Robin restaurants in California. Like many chain restaurants across the state and country, Red Robin uses a lean staffing model at its restaurants to extract long hours from salaried Assistant Managers, Assistant General Managers, and Kitchen Manager (collectively, "Secondary Managers"), even though they spend most of their days performing physically demanding non-exempt work, such as cooking, bussing tables, seating customers, serving customers, cleaning, and delivering food. Because Red Robin allocates insufficient staff hours to each restaurant, while simultaneously requiring Secondary Managers to perform the full gamut of customer service-related tasks, Plaintiff and Class Members are misclassified as "exempt" because they are forced to spend the majority of their working time performing the same non-managerial tasks being performed by non-exempt workers. As a result, Secondary Managers work long hours and often skip their meal and rest breaks, without receiving any overtime compensation or compensation for missed meal and rest breaks from Red Robin.

## NATURE OF THE ACTION

2. This lawsuit seeks to recover overtime compensation, compensation for missed meal and rest breaks, and other penalties for Plaintiff and his similarly situated co-workers who have worked as Secondary Managers for Red Robin in the State of California.

3. Upon information and belief, Red Robin owns and operates approximately 59 restaurants in California, each of which employs multiple Secondary Managers.

4. Because Red Robin requires its restaurants to maintain lean staffing of its hourly workers, Secondary Managers consistently spend the vast majority of their working time performing the same customer service-related duties as non-exempt, hourly-paid workers.

5. Throughout the relevant period it has been Red Robin's statewide policy to

uniformly classify Secondary Managers in California as exempt from state overtime provisions and not to pay them any overtime wages.

6. Red Robin regularly requires Secondary Managers to work in excess of 8 hours per workday and 40 hours per workweek. However, because Red Robin classifies Secondary Managers in California as exempt, it fails to pay them any overtime compensation for hours worked over 8 in a workday or 40 in a workweek.

7. Red Robin also fails to provide Secondary Managers with legally-mandated meal and rest breaks, or to pay them an hour of compensation at their regular rate of pay for each workday that a meal or rest break is not provided.

8. By the conduct described in this Class Action Complaint, Red Robin has violated California law, including California Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1174, and 2698, *et seq.*; California Industrial Welfare Commission ("IWC") Order 5-2001; and California Business and Professions Code §§ 17200, *et seq.*

9. Plaintiff brings this action on behalf of himself and all other current and former Shop Managers employed by Red Robin in California at any time between April 27, 2018 through the final disposition of this action (the "Class Period") (the "Class Members").

10. In order to remedy Red Robin's violations of the California Wage and Hour Laws, Plaintiff brings this action pursuant to Federal Rule of Procedure 23.

## THE PARTIES

**Plaintiff Steven Miller**

11. Plaintiff Steven Miller is an adult individual who is a resident of Antioch, California.

12. Miller was employed by Red Robin from 2013 until April 28, 2021, holding, at different times, the job titles Assistant Manager I, Kitchen Manager, and Assistant General Manager. Miller worked at Red Robin's Brentwood, Sun Valley Mall, Solano Mall, and Pleasanton restaurants.

13. At all relevant times, Miller was a covered employee within the meaning of the California Labor Code and all applicable IWC Orders.

14. Miller regularly worked in excess of 40 hours per week, and on frequently worked 60 hours per week.

**Defendant Red Robin International, Inc.**

15. Red Robin International, Inc. is a corporation, organized and existing under the laws of Delaware, with corporate headquarters in Greenwood Village, Colorado. Red Robin is registered to do business in California as Red Robin Burger and Spirits Emporium.

16. At all relevant times, Red Robin has been an employer within the meaning of the California Labor Code and all applicable IWC Orders.

17. Red Robin operates approximately 59 restaurants in California.

18. Red Robin employed Plaintiff Steven Miller and has employed, will employ, or continues to employ each Class Member, as described in paragraph 9.

19. At all times relevant herein, Red Robin has maintained control, oversight, and direction over Plaintiff and the Class Members, including over the timekeeping, payroll, and other employment practices that applied to them.

20. Red Robin International, Inc. is the entity listed on Plaintiff's paystubs and W-2s.

21. Plaintiff is ignorant of the true names or capacities, whether as individuals, partners, corporate entities, or joint venturers, of the Defendants sued herein as Does 1 through 100, inclusive, and for that reason, Defendants are sued under such fictitious names. Plaintiff will seek leave from the Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and thereupon alleges, that each of said Doe Defendants, whether individuals, partners, corporate entities, or joint venturers, was responsible in some manner for the circumstances alleged herein, and proximately caused Plaintiff and those members of the general public and Class designated herein, to be subject to the unlawful employment and business practices, wrongs, injuries, and damages complained of herein.

**JURISDICTION & VENUE**

22. **Jurisdiction:** This Court has jurisdiction over this action under 28 U.S.C. §1332.

23. **Venue:** Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2). Defendants regularly conduct business in the State of California, including operating restaurants in

Contra Costa County, which is in the Northern District of California. Red Robin is subject to personal jurisdiction in the State of California. A substantial part of the events or omissions giving rise to the claims occurred in the Northern District of California.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action pursuant to pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent is composed of and defined as all current and former Assistant Managers, Assistant General Managers, and Kitchen Managers (collectively, "Secondary Managers") employed by Red Robin in California at any time between April 27, 2018 through the final disposition of this action.

25. **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the size of the California class is at least 100 individuals. Although the precise number of putative class members is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants, and the members of the Class are ascertainable from Defendants' records.

26. **Typicality:** The claims of Plaintiff Miller for damages, penalties, and restitution are typical of all proposed Class Members. Red Robin's practice of misclassifying Secondary Managers was identical or nearly identical in nature throughout the State of California. Plaintiff and the proposed Class suffered common injuries as a result of Red Robin's conduct.

27. **Adequacy:** Plaintiff Miller is a member of the proposed Class. Plaintiff Miller suffered actual harm and damages as a result of Red Robin's misclassification of him as an exempt employee. Plaintiff has been informed of his duties as class representatives and has committed to serving in that capacity as an adequate representative. Plaintiff's interests in the pursuit of the case are not adverse to the interest of other Class Members, and Plaintiff is aware of no conflicts of interest that are capable of destroying his adequacy to pursue the claims made herein. Plaintiff is informed and believes that he has selected competent proposed Class Counsel experienced in handling both the procedural and substantive aspects of the case as a class action. Plaintiff will fairly protect the interests of the members of the proposed Class, has no interests antagonistic to

Class Members, and will vigorously pursue this suit via attorneys who are competent, skilled, experienced in litigating employment matters (specifically on behalf of employees), and well-acquainted with class action process and procedure.

28. **Superiority:** The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy, since joinder of all Class Members is impracticable. Given that this case involves a large number of Class Members with relatively small claims, the burden and expense of individual litigation would make it virtually impossible to seek individual redress for the wrongs done to them. If separate actions were brought or required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would also cause undue burden and expense for the Court and the parties and create the risk of inconsistent rulings.

29. **Existence and Predominance of Common Questions of Fact and Law:** There are common questions of law and fact as to the members of the Class, which predominate over questions affecting only individual members of the Class including, without limitation:

   a. whether Red Robin violated the California Labor Code, IWC Wage Order 5-2001, and the supporting California Department of Labor regulations;

   b. whether Red Robin failed to compensate the Class Representatives and the Class Members for hours worked in excess of 8 hours per workday and 40 hours per workweek;

   c. whether Red Robin failed to provide the Class Representatives and the Class Members with meal and rest breaks in compliance with requirements of the California Labor Code and applicable IWC Wage Orders;

   d. whether Red Robin misclassified the Class Representatives and Class Members as exempt employees;

   e. whether Red Robin failed to pay all wages due to the Class Representatives and Class Members at the time they ended their employment with Red Robin;

   f. whether Red Robin failed to keep true and accurate time and pay records for all hours worked by the Class Representatives and the Class Members, and other records required by the California Labor Code and applicable IWC Orders;

   g. whether Red Robin's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

   h. the nature and extent of class-wide injury and the measure of damages for those injuries.

30. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## FACTUAL ALLEGATIONS

31. Throughout their employment with Red Robin, Plaintiff and Class Members regularly work or worked more than 8 hours per workday and 40 hours per workweek.

32. Red Robin is aware that Plaintiff and Class Members regularly work or worked more than 8 hours per workday and 40 hours per workweek, yet Red Robin has failed to pay them any overtime compensation for any hours worked over 8 in a workday or 40 in a workweek.

33. Red Robin did not and does not keep accurate records of hours worked by Plaintiff and Class Members. That is, Plaintiff's and Class Members' hours were not and are not accurately recorded on pay stubs, and Plaintiff's and Class Members were not and are not required to clock in or out, or otherwise record their time.

34. Plaintiff and Class Members regularly work or worked in excess of five-hour shifts for Red Robin, without being afforded at least a half-hour meal break in in which they were relieved of all work duties, and work or worked ten-hour shifts for Red Robin, without being afforded a second half-hour meal break in which they were relieved of all duty. Plaintiff and Class Members regularly work or worked for Red Robin without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed (or major fraction thereof). Red Robin did not and does not pay Plaintiff and Class Members at least one hour of compensation at their regular rate of pay for each workday for which a meal or rest period was not provided.

35. Plaintiff and Class Members consistently spent and spend the majority of their time performing non-managerial tasks, including but not limited to cooking, seating and serving customers, bussing tables, and cleaning. These duties are the same as the duties performed by Red

Robin's non-exempt, hourly-paid workers.

36. Red Robin's business model depends on lean staffing of its restaurants, including by relying on Secondary Managers to spend the majority of their time performing the same duties as non-exempt, hourly-paid workers.

37. Plaintiff and Class Members consistently spend far less than half of their working time performing managerial and/or exempt duties.

**FIRST CAUSE OF ACTION**
*Failure to Pay Overtime Wages*
**(Cal. Wage Order No. 5-2001; Cal. Labor Code §§ 510, 1194)**
**Brought by Plaintiff on Behalf of Himself and all Class Members**

38. Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

39. California law requires an employer, such as Red Robin, to pay overtime compensation to all nonexempt employees for all hours worked over 40 per workweek, or over 8 per workday, at a rate of one and one-half times the regular rate of pay per hour. California law also requires employers, including Red Robin to pay double time compensation to all nonexempt employees for all hours worked over 12 in a workday.

40. Plaintiff has been misclassified as an exempt employee, when in fact he was a non-exempt employee, and was entitled to be paid overtime compensation for all overtime hours worked.

41. Throughout the Class Period, and continuing through the present, Plaintiff and Class Members worked in excess of 8 hours per workday and/or 40 hours per workweek.

42. During the Class Period, Red Robin misclassified Plaintiff and Class Members as exempt from overtime pay premiums and failed and refused to pay them overtime premium pay for overtime hours worked.

43. Due to Red Robin's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours of overtime worked. Plaintiff and Class Members are entitled to damages, including overtime wages, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**SECOND CAUSE OF ACTION**
*California Meal and Rest Period Violations*
**(Cal. Wage Order No. 5-2001; Cal. Labor Code §§ 218.5, 226.7, & 512)**
**Brought by Plaintiff on Behalf of Himself and all Class Members**

44. Plaintiff hereby incorporate by reference all preceding paragraphs as alleged above as if fully set forth herein.

45. Plaintiff and all Class Members regularly work and have worked in excess of five-hour shifts for Red Robin, without being afforded at least a half-hour meal break in in which they were relieved of all work duties, as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5-2001. Plaintiff and all Class Members have also worked ten-hour shifts for Red Robin, without being afforded a second half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5-2001.

46. Further, Plaintiff and all Class Members regularly have worked and/or currently work for Red Robin without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed (or major fraction thereof), as required by California Labor Code § 226.7 and IWC Wage Order No. 5-2001.

47. Because Red Robin has failed to afford proper meal periods to Plaintiff and Class Members, it is liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and IWC Wage Order No. 5-2001, plus interest, costs, and reasonable attorneys' fees.

48. Because Red Robin has failed to afford proper rest periods to Plaintiff and Class Members, it is liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code § 226.7 and IWC Wage Order No. 5-2001, plus interest, costs, and reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**
*Waiting Time Penalties*
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203)**
**Brought by Plaintiff on Behalf of Himself and**
**all Former Employee Class Members**

49. Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

50. California Labor Code §§ 201 and 202 require Red Robin to pay its employees all wages due within time specified by law.

51. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

52. Plaintiff and Class Members who have not been employed by Red Robin for at least thirty days ("Former Employee Class Members") are entitled to said unpaid compensation, but have not yet received it.

53. As a consequence of Red Robin's willful conduct of not paying Plaintiff and Class Members compensation for all hours worked under the California Labor Code, Plaintiff and Former Employee Class Members are entitled to thirty days' wages under Labor Code § 203, including interest thereon, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
*Failure to Provide Accurate Wage Statements*
**(Cal. Wage Order No. 5-2001; Cal. Labor Code §§ 226, 1174, & 1174.5)**
**Brought by Plaintiff on Behalf of Himself and all Class Members**

54. Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

55. Red Robin knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, all hours worked, to Plaintiff and Class Members in accordance with Labor Code § 226(a) and IWC Wage Order No. 5-2001. Such failure caused injury to Plaintiff and Class Members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

56. At all times relevant herein, Red Robin has failed to maintain accurate records of

all hours worked by Plaintiff and Class Members as required under California Labor Code § 1174(d).

57. Plaintiff and Class Members are entitled to the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

58. Plaintiff and Class Members are also entitled to an award of costs and reasonable attorneys' fees under California Labor Code § 226(h).

**SECOND CAUSE OF ACTION**
*Unfair Business Practices*
**(California Business and Professions Code §§ 17200, et seq.)**
**Brought by Plaintiff on Behalf of Himself and All Class Members**

59. Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

60. Unfair practices prohibited by California's Unfair Competition Law or "UCL" include "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

61. Red Robin committed unlawful and unfair business practices, including but not limited to failing to pay Plaintiff and Class Members overtime wages, failing to provide them with proper meal and rest periods, and failing to furnish them with accurate and itemized wage statements. Accordingly, Plaintiff and Class Members have suffered injury in fact.

62. Red Robin's conduct alleged herein occurred during the four years preceding the filing of this Complaint.

63. Plaintiff, on behalf of all Class Members, seeks (1) restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek, or 8 hours per workday, and double the regular rate of pay for work performed in excess of 12 hours per workday, and (2) recovery of attorneys' fees and costs of this action to be paid by Red Robin, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

**THIRD CAUSE OF ACTION**
*PAGA Claim for Civil Penalties*
**(California Labor Code § 2698, et seq.)**
**Brought by Plaintiff on Behalf of Himself, Class Members,**
**and the General Public**

64. Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

65. Under the California Private Attorneys General Act of 2004, California Labor Code §§ 2698-2699.5 ("PAGA"), an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Orders. These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to the California Labor and Workforce Development Agency ("LWDA") and 25% to the aggrieved employee, pursuant to California Labor Code § 2699.

66. As set forth above, Red Robin has committed violations of the California Labor Code and IWC Order No. 5-2001, for which Plaintiff, as private attorney generals, is entitled to recover applicable statutory civil penalties on his own behalf, on behalf of Class Members, and on behalf of the general public, including but not limited to for Red Robin's failure to pay overtime wages to Plaintiff and Class Members, failure to provide them with meal and rest breaks, and failure to furnish them with accurate wage statements, which constitute violations of the California Labor Code and IWC Order No. 5-2001, each of which is actionable under PAGA.

67. California Labor Code § 2699(a), which is part of PAGA, provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

68. California Labor Code § 2699(f), which is part of PAGA, provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a

violation of these provisions as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

69. Plaintiff is entitled to civil penalties, to be paid by Red Robin and allocated as PAGA requires, pursuant to California Labor Code § 2699(a) for Red Robin's violations of the California Labor Code and IWC Orders for which violations a civil penalty is already specifically provided by law.  Further, Plaintiff is entitled to civil penalties, to be paid by Red Robin and allocated as PAGA requires, pursuant to California Labor Code § 2699(f) for Red Robin's violations of the California Labor Code and IWC Orders for which violations a civil penalty is not already specifically provided by law.

70. On February 7, 2022, Plaintiff provided written notice by certified mail to the LWDA and to Red Robin of the legal claims and theories in this case.  More than 65 calendar days have passed since the postmark date of the notice provided to the LWDA, and Plaintiff has not received a response from the LWDA.  Accordingly, Plaintiff has exhausted his administrative remedies pursuant to PAGA.  A true and correct copy of Plaintiff's February 7, 2022 PAGA notice is attached hereto as Exhibit A.

71. Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for violations of the California Labor Code and violations of the IWC Order No. 5-2001 that are alleged in this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated, seek the following relief:

1. Unpaid overtime pay, compensation for missed meal and rest periods, and monetary penalties as permitted by California state law;

2. Certification of this case as a class action pursuant to Federal Rule of Civil Procedures 23(b)(3);

3. Designation of the named Plaintiff as Class Representative for the Class Members,

and designation of Plaintiff's counsel of record as Class Counsel;

4. A permanent injunction against Red Robin and its directors, officers, owners, agents, successors, employees, and representatives—and any and all persons acting in concert with them—from engaging in the unlawful practices, policies, customs, and usages set forth herein;

5. Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under California state law;

6. Pre-judgment and post-judgment interest as provided by law;

7. A reasonable incentive award to compensate each Plaintiff for time spent attempting to recover unpaid wages and penalties on behalf of Class Members and for the risks undertaken in doing so;

8. Attorneys' fees and costs of the action, pursuant to California Code of Civil Procedure Code § 1021.5, California Business & Professions Code §§ 17200, *et seq.*, California Labor Code § 2699(g), and any other applicable provision of law;

9. Such other relief as this Court shall deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

DATED: April 27, 2022                                Respectfully submitted,

**LIU PETERSON-FISHER LLP**

By: */s/ Rebecca Peterson-Fisher*
Jennifer Liu (State Bar No. 279370)
Rebecca Peterson-Fisher (State Bar No. 255359)
**LIU PETERSON-FISHER LLP**
800 Menlo Avenue, Suite 102
Menlo Park, CA 94025
Telephone: 650.461.9000
Facsimile: 650.460.6967
Email: jliu@liupetersonfisher.com
Email: rpf@liupetersonfisher.com

*Attorneys for Plaintiff and the Proposed Class*

# EXHIBIT A



800 Menlo Avenue, Suite 102 / Menlo Park, CA 94025
T. 650.461.9000 / F. 650.460.6967 / www.liulawpc.com

February 7, 2022

**Via Online Submission: www.dir.ca.gov**
California Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

**Via U.S. Certified Mail**
Red Robin International, Inc.
6312 S. Fiddlers Green Cir., Suite 200N
Greenwood Village, CO 80111

Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Re:   Amended PAGA Notice Pursuant to California Labor Code § 2699
      Mr. Matthew Pellouchoud et al. / Red Robin International, Inc.

Dear Sir or Madam:

    This letter amends the PAGA notice filed previously by on behalf of Mr. Pellouchoud on January 12, 2022.  Our firm represents Mr. Matthew Pellouchoud and Mr. Steven Miller in connection with their wage and hour claims against Red Robin International, Inc. ("Red Robin").  Mr. Pellouchoud worked for Red Robin from approximately September of 2018 to November 23, 2021 as an Assistant General Manager ("AGM").  During his employment. Mr. Pellouchoud worked as the AGM for three different Red Robin locations in California and filled in occasionally at several other locations.   Mr. Miller worked for Red Robin from approximately November 2013 to May 2021.  During his employment with Red Robin, Mr. Miller held the positions Assistant Manager ("AM"), AGM, and Kitchen Manager ("KM").  Mr. Miller worked at three different Red Robin locations in California.

    Based on our investigation to date, we believe Red Robin violated a number of California wage and hour laws as a result of misclassifying Mr. Pellouchoud, Mr. Miller, and other managers as exempt employees.  More than 51% of Mr. Pellouchoud's time was spent performing nonexempt duties, including but not limited to seating guests, cleaning tables, unloading and storing inventory, making food deliveries, and working the line.  The same was true for Mr. Miller when he worked as an AM and as an AGM.  Mr. Pellouchoud, Mr. Miller and other AMs and AGMs routinely worked more than eight hours a day and more than forty hours a week, but they were not paid overtime premium pay.  Upon information and belief, General Managers ("GMs") also spent more than 51% of their time performing the same kinds of nonexempt duties that AMs and AGMs performed, but likewise, they were not paid overtime

California Labor & Workforce Development Agency
February 7, 2022
Page 2 of 3

premium pay for hours in excess of eight in a day or forty in a week. In addition, when Mr. Miller worked as a KM, more than 51% of his time was spent performing nonexempt duties, such as cooking, food preparation, and expediting, and he routinely worked more than eight hours a day and more than forty hours a week without receiving overtime premium pay. Furthermore, AMs, KMs, GMs, and AGMs were responsible for covering rest breaks and meal breaks for employees classified as exempt and usually did not have sufficient time to take legally compliant rest and meal breaks themselves. However, Red Robin did not pay them an extra hour of pay for any missed rest breaks and/or meal breaks.

Based on our investigation to date, we believe Red Robin's company-wide policies and practices, as applied in the State of California, violate sections of the California Labor Code, including but not limited to:

1. Labor Code §§ 510, 558, 1194, 1197, 1197.1, and 1198, by failing to pay managers classified as exempt for all hours worked (including overtime hours);

2. Labor Code §§ 226.7, 512, and 558, by failing to provide managers classified as exempt with legally compliant meal and rest periods;

3. Labor Code §§ 204 and 210, by failing to timely pay wages to managers classified as exempt;

4. Labor Code §§ 201-203, by failing to pay managers classified as exempt all earned wages upon discharge;

5. Labor Code §§ 226 and 226.3, by failing to furnish accurate wage statements to managers classified as exempt; and

6. Labor Code § 1174, by failing to maintain requisite payroll records for managers classified as exempt.

We further believe that all of the above violations have occurred at each of Red Robin's locations in California as a result of Red Robin's company-wide policies and practices.

This letter serves as notice of Mr. Pellouchoud's and Mr. Miller's intent to seek civil penalties pursuant to the Private Attorneys General Act, California Labor Code §§ 2698, *et seq.* ("PAGA") for the violations alleged above on behalf of themselves and all aggrieved current and former managers (including all managerial job titles) classified as exempt who are or were employed by Red Robin in the state of California during the applicable limitations period. We request that the Labor & Workforce Development Agency ("LWDA") notify us if it intends to investigate the above allegations pursuant to PAGA. We also request that the LWDA inform us if it does not intend to investigate these violations, so that we may file a lawsuit asserting PAGA claims, or amend an existing complaint to add PAGA claims, to seek penalties on behalf of Mr. Pellouchoud, Mr. Miller, and all other aggrieved employees who worked in California and were subjected to the illegal policies and practices described above. The facts and claims contained

California Labor & Workforce Development Agency
February 7, 2022
Page 3 of 3

herein are based on the limited information available at the time of this writing. Therefore, if through further investigation, discovery, and/or expert review, we become aware of additional compensation or penalties owed to Mr. Pellouchoud, Mr. Miller, and/or other aggrieved employees, we reserve the right to revise these facts and/or add any new claims by filing an amended PAGA notice.

       Thank you for your attention to this matter. Please direct all communications and correspondence regarding this matter to our office going forward. If you have any questions, please do not hesitate to contact us at (650) 461-9000.

       Sincerely,

       Rebecca Peterson-Fisher