Rebecca Peterson-Fisher (SBN 255359)
Jennifer Liu (SBN 279370)
C. Leah Kennedy (SBN 346306)
KATZ BANKS KUMIN LLP
150 California Street, 16th Floor
San Francisco, CA 94111
Tel: 415.813.3260
Fax: 415.813.2495
Email: Peterson-Fisher@katzbanks.com
Liu@katzbanks.com
Kennedy@katzbanks.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| STEVEN MILLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RED ROBIN INTERNATIONAL, INC. dba RED ROBIN BURGER AND SPIRITS EMPORIUMS, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 22-CV-02574-JCS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER PROVISIONALLY CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS AND PAGA SETTLEMENT**<br><br>Before the Hon. Joseph C. Spero<br><br>Date: January 5, 2024<br>Time: 9:30 a.m.<br>Location: Courtroom D, 15th Floor |

1. A hearing regarding this matter came before this Court on January 5, 2024, with Katz Banks Kumin LLP appearing as counsel for Plaintiff Steven Miller, and Jackson Lewis, P.C. appearing as counsel for Defendant Red Robin International, Inc. Based upon the Court's review of Plaintiffs' Notice of Motion and Motion for Order Provisionally Certifying Settlement Class and Preliminarily Approving Class and PAGA Settlement, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Rebecca Peterson-Fisher ("Peterson-Fisher Declaration") in support thereof and the exhibits attached thereto, the Court makes the following observations and findings and orders as follows.

## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

2. The Court finds that the proposed settlement is the product of serious, informed, non-collusive negotiations that occurred with the assistance of an experienced wage and hour mediator, Todd Smith, Esq.; the proposed settlement has no obvious deficiencies; the proposed settlement does not improperly grant preferential treatment to Class Representatives or segments of the Class; and the proposed settlement amount falls within the range of possible approval given the risks of continued litigation. Accordingly, the Court grants preliminary approval of the class settlement memorialized in the Stipulation Regarding Class Action and PAGA Settlement ("Settlement Agreement"), attached to the Peterson-Fisher Declaration as **Exhibit A**. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning as set forth in the Settlement Agreement.

## PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS

3. Plaintiffs and the proposed Class meet all of the requirements for certification of a settlement class under Federal Rule of Civil Procedure 23(a) and (b)(3).

4. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because the settlement class totals approximately 205 members ("Class Members").

5.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they and Class Members share numerous common factual and legal issues that go to the core of Plaintiff's claims that Defendant misclassified them and Class Members as exempt. Plaintiff alleges that he and Class Members performed common job duties, and that these common job duties rendered them ineligible for the executive or administrative exemptions under California law.  Other common issues include, but are not limited to, whether Defendant failed to provide meal and rest breaks to Plaintiff and Class Members, whether Defendant issued accurate wage statements to Plaintiff and Class Members, whether Defendant failed to pay waiting time penalties to Plaintiff and Class Members, and whether Defendant failed to reimburse Plaintiff and Class Members for mileage.

6.      Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiff alleges that he shared the same job title and performed the same job duties as other Class Members, that Defendant misclassified Plaintiff and other Class Members as exempt from overtime pursuant to the same company policy, and that they suffered the same loss of overtime wages and missed meal and rest breaks as a result of Defendant's conduct. Because Plaintiff alleges that he has suffered the same injuries as other Class Members, and that those injuries arise from the same course of conduct, the proposed Class satisfies the typicality requirement.

7.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because neither the Named Plaintiff nor Plaintiff's Counsel have any conflicts of interest with other Class Members.  Additionally, the Named Plaintiff and Plaintiff's Counsel have vigorously prosecuted the claims on behalf of the Class and will continue to do so.

8.      Plaintiff satisfies the predominance requirement under Federal Rule of Civil Procedure 23(b).  Here, Plaintiff's and Class Members' common factual allegations and common legal theory – that Defendant violated state wage and hour laws by misclassifying them as exempt employees and failing to pay them overtime wages – predominate over any factual or legal variations among Class Members.

9. Plaintiff also satisfies the superiority requirement under Federal Rule of Civil Procedure 23(b), because the cost of litigating each Class Member's claims on an individual basis would be greater than each Class Member's theoretical maximum recovery. Therefore, a class action is the most suitable mechanism to fairly, adequately, and efficiently resolve Plaintiff's and Class Members' claims.

10. The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes:

> All employees who are currently or have been employed by Defendant in the State of California for workweeks during which those individuals work or worked as Assistant General Managers ("AGM"), Kitchen Managers ("KM"), or Assistant Managers ("AM") (collectively, "Salaried Managers") at any time from April 27, 2018 through September 30, 2023, and shall exclude: (1) any workweeks any Salaried Managers who did not opt out of the settlement in *Armando Bautista v. Red Robin International, Inc.*, Case No. STK-CV-UOE-2018-0002270, Superior Court of the state of California, San Joaquin County ("*Bautista*") worked as KMs during the period between April 27, 2018 and February 17, 2019; (2) any workweeks any Salaried Manager who consented to join a prior settlement in *Outlaw v. Red Robin International, Inc.*, Case No. 2:18-cv-04357, United States District Court for the Eastern District of New York ("*Outlaw*") worked during the period between April 27, 2018 and March 31, 2020; and (3) any Salaried Manager who signed an arbitration agreement with Defendant.

Provisional certification of the settlement class shall be solely for settlement purposes and without prejudice to any party, in the event that the Settlement Agreement is not finally approved.

11. The Court approves the Settlement as to the PAGA representative action.

### APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL

12. The application of Rebecca Peterson-Fisher, Jennifer Liu, and Leah Kennedy of Katz Banks Kumin LLP to be appointed as Class Counsel is granted because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). Rule 23(g) sets forth four criteria that this Court must consider in evaluating the adequacy of proposed counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;

3
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER PROVISIONALLY CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS AND PAGA SETTLEMENT
CASE NO. 22-CV-02574 (JCS)

and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(B).

13. Plaintiff's Counsel meet all of these criteria. Plaintiff's Counsel have done substantial work identifying, investigating, prosecuting, and settling Plaintiff's and Class Members' claims. Additionally, Plaintiff's Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in both wage and hour law and class action law. Courts have repeatedly found Plaintiff's Counsel to be adequate class counsel in wage and hour class actions and other class actions. The work that Plaintiff's Counsel has performed both in litigating and settling this case demonstrates their commitment to the class and to representing Class Members' interests.

## NOTICE AND SETTLEMENT PROCEDURE

14. Attached as **Exhibit B** to the Peterson-Fisher Declaration is the parties' Proposed Notice.

15. The Court finds that the Proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23. The Proposed Notice provides the best notice practicable under the circumstances. It states the nature of the action, the definition of the class certified, and the class claims, issues, and defenses; it advises Class Members of their right to appear at the Fairness Hearing, opt-out, or object, and it informs Class Members of the binding effect of a class judgment. Additionally, the Proposed Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. Further, the Proposed Notice complies with the Northern District of California Procedural Guidance for Class Action Settlements.

16. The Court appoints Rust Consulting, Inc. as the Settlement Administrator and directs it to comply with the terms of the Settlement.

17. The Court therefore approves the Proposed Notice and directs its distribution to Class Members as outlined below.

18. The Court will hold a Fairness Hearing on _____ at _____, in Courtroom D on the 15th floor of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

19. The Court hereby adopts the following settlement procedure:

| | |
|---|---|
| 10 business days after entry of order granting Preliminary Approval of Settlement | Defendant provides the Class List to the Settlement Claims Administrator (Settlement Agreement § 9(A)) |
| 10 business days after receiving the Class List from Defendant or as soon thereafter as is practicable | Settlement Claims Administrator mails the Class Notice (*Id.*) |
| After receiving notices for Class Members returned as undeliverable within 45 days of initial notice mailing | Settlement Claims Administrator attempts to obtain a current address by contacting the class member by phone if possible, and undertaking skip tracing. If successful in obtaining a new address within 45 days of the initial notice mailing, Settlement Administrator will promptly re-mail the Class Notice to the Settlement Class Member. Any Class Notices returned to the Settlement Administrator with forwarding addresses within 45 days of the original Notice mailing shall be promptly re-mailed to the forwarded address (*Id.*) |
| 45 calendar days after Class Notice is mailed | Response Deadline to opt-out, object, or dispute workweek data (*Id.* § 1(PP)) |
| 7 calendar days from Response Deadline | Settlement Administrator to provide Parties with a declaration attesting to completion of notice process, number of attempts to obtain valid mailing address and re-sending of returned Class Notices, and the identities, number of, and copies of all Requests for Exclusion and Objections received. (*Id.* § 9(A)) |
| 75 calendar days after final approval order (10 calendar days after effective date) | Defendant to pay the Gross Settlement Amount and Employer Taxes to Settlement Administrator (*Id.* § 11(B)) |
| 180 days after check issuance | Checks no longer valid and negotiable (*Id.* § 11(A)) |
| 14 days after check expiration | Settlement Administrator will cancel checks and cause funds associated with such checks to be tendered to the California State Controller's Unclaimed Property Division in the name of the Participating Class Member to whom the check was payable. (*Id.*) |

20. Not later than fifteen (15) days before the Fairness Hearing, Plaintiffs will submit a Motion for Final Approval and any application for an award of attorneys' fees, costs, and expenses to Class Counsel, and any application for a service award to Plaintiff.

21. If the Court grants Plaintiffs' Motion for Final Approval of Class Action Settlement, the Court will issue a Final Order and Judgment.

22. If no Party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the day after the deadline for taking an appeal has passed; if an individual appeals the Court's Final Order and Judgement, the "Effective Date" shall be the 66th day after the Court enters its Final Order and Judgment.

23. The Parties shall abide by all terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____, 2024

_____
Hon. Joseph C. Spero
United States Magistrate Judge