UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MILLER,<br><br>   Plaintiff,<br><br>   v.<br><br>RED ROBIN INTERNATIONAL, INC.,<br><br>   Defendant. | Case No. 22-cv-02574-JCS<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Re: Dkt. No. 51 |

## I.  INTRODUCTION

Presently before the Court is the parties' Motion for Order Provisionally Certifying Settlement Class and Preliminarily Approving Class and PAGA Settlement ("Motion"). A hearing on the Motion was held on January 26, 2024. Following the hearing, the parties filed an amended settlement agreement and proposed order addressing concerns expressed by the Court at the hearing. Based upon the Court's review of the amended settlement agreement and proposed notice and the previously filed motion papers, the Court GRANTS the Motion, as set forth below.[1]

## II.  PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Court finds that the proposed settlement is the product of serious, informed, non-collusive negotiations that occurred with the assistance of an experienced wage and hour mediator, Todd Smith, Esq.; the proposed settlement has no obvious deficiencies; the proposed settlement does not improperly grant preferential treatment to Class Representatives or segments of the Class; and the proposed settlement amount falls within the range of possible approval given the risks of continued litigation. Accordingly, the Court grants preliminary approval of the class settlement

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

1    memorialized in the Stipulation Regarding Class Action and PAGA Settlement ("Settlement
2    Agreement"), attached hereto as Exhibit A, which has been amended consistent with the Court's
3    instructions at the January 26, 2024 hearing. This Order incorporates by reference the
4    definitions in the Settlement Agreement, and all terms defined therein shall have the same
5    meaning as set forth in the Settlement Agreement.

### III.  PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS

Plaintiffs and the proposed Class meet all of the requirements for certification of a settlement class under Federal Rule of Civil Procedure 23(a) and (b)(3).

Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because the settlement class totals approximately 205 members ("Class Members").

Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they and Class Members share numerous common factual and legal issues that go to the core of Plaintiff's claims that Defendant misclassified them and Class Members as exempt. Plaintiff alleges that he and Class Members performed common job duties, and that these common job duties rendered them ineligible for the executive or administrative exemptions under California law. Other common issues include, but are not limited to, whether Defendant failed to provide meal and rest breaks to Plaintiff and Class Members, whether Defendant issued accurate wage statements to Plaintiff and Class Members, whether Defendant failed to pay waiting time penalties to Plaintiff and Class Members, and whether Defendant failed to reimburse Plaintiff and Class Members for mileage.

Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiff alleges that he shared the same job title and performed the same job duties as other Class Members, that Defendant misclassified Plaintiff and other Class Members as exempt from overtime pursuant to the same company policy, and that they suffered the same loss of overtime wages and missed meal and rest breaks as a result of Defendant's conduct. Because Plaintiff alleges that he has suffered the same injuries as other Class Members, and that those injuries arise from the same course of conduct, the proposed Class satisfies the typicality requirement.

Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because neither the Named Plaintiff nor Plaintiff's Counsel have any conflicts of interest with other Class Members.

1  Additionally, the Named Plaintiff and Plaintiff's Counsel have vigorously prosecuted the claims
2  on behalf of the Class and will continue to do so.
3  　　　Plaintiff satisfies the predominance requirement under Federal Rule of Civil Procedure
4  23(b). Here, Plaintiff's and Class Members' common factual allegations and common legal theory
5  – that Defendant violated state wage and hour laws by misclassifying them as exempt employees
6  and failing to pay them overtime wages – predominate over any factual or legal variations among
7  Class Members.
8  　　　Plaintiff also satisfies the superiority requirement under Federal Rule of Civil Procedure
9  23(b), because the cost of litigating each Class Member's claims on an individual basis would be
10 greater than each Class Member's theoretical maximum recovery. Therefore, a class action is the
11 most suitable mechanism to fairly, adequately, and efficiently resolve Plaintiff's and Class
12 Members' claims.
13 　　　The Court provisionally certifies the following class under Federal Rule of Civil Procedure
14 23(e), for settlement purposes:

> All employees who are currently or have been employed by Defendant in the State of California for workweeks during which those individuals work or worked as Assistant General Managers ("AGM"), Kitchen Managers ("KM"), or Assistant Managers ("AM") (collectively, "Salaried Managers") at any time from April 27, 2018 through September 30, 2023, and shall exclude: (1) any workweeks any Salaried Managers who did not opt out of the settlement in *Armando Bautista v. Red Robin International, Inc*., Case No. STK-CV-UOE-2018-0002270, Superior Court of the state of California, San Joaquin County ("*Bautista*") worked as KMs during the period between April 27, 2018 and February 17, 2019; (2) any workweeks any Salaried Manager who consented to join a prior settlement in *Outlaw v. Red Robin International, Inc*., Case No. 2:18-cv-04357, United States District Court for the Eastern District of New York ("*Outlaw*") worked during the period between April 27, 2018 and March 31, 2020; and (3) any Salaried Manager who signed an arbitration agreement with Defendant.

24 Provisional certification of the settlement class shall be solely for settlement purposes and
25 without prejudice to any party, in the event that the Settlement Agreement is not finally
26 approved.
27 　　　The Court approves the Settlement as to the PAGA representative action.
28

3

## IV. APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL

The application of Rebecca Peterson-Fisher, Jennifer Liu, and Leah Kennedy of Katz Banks Kumin LLP to be appointed as Class Counsel is granted because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). Rule 23(g) sets forth four criteria that this Court must consider in evaluating the adequacy of proposed counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law; and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(B).

Plaintiff's Counsel meet all of these criteria. Plaintiff's Counsel have done substantial work identifying, investigating, prosecuting, and settling Plaintiff's and Class Members' claims. Additionally, Plaintiff's Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in both wage and hour law and class action law. Courts have repeatedly found Plaintiff's Counsel to be adequate class counsel in wage and hour class actions and other class actions. The work that Plaintiff's Counsel has performed both in litigating and settling this case demonstrates their commitment to the class and to representing Class Members' interests.

## V. NOTICE AND SETTLEMENT PROCEDURE

The Court finds that the Revised Proposed Notice, attached as Exhibit B hereto, fully complies with due process and Federal Rule of Civil Procedure 23. The Revised Proposed Notice provides the best notice practicable under the circumstances. It states the nature of the action, the definition of the class certified, and the class claims, issues, and defenses; it advises Class Members of their right to appear at the Fairness Hearing, opt-out, or object, and it informs Class Members of the binding effect of a class judgment. Additionally, the Revised Proposed Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

Further, the Revised Proposed Notice complies with the Northern District of California Procedural Guidance for Class Action Settlements.

The Court appoints Rust Consulting, Inc. as the Settlement Administrator and directs it to comply with the terms of the Settlement.

The Court therefore approves the Revised Proposed Notice and directs its distribution to Class Members as outlined below.

The Court will hold a Fairness Hearing on **August 16, 2024 at 9:30 a.m.** via videoconference at: https://canduscourts.zoomgov.com/j/1619260804?pwd= RE5qWDhGOTdWWTZUOFlOKzhNc3pjZz09

Webinar ID: 161 926 0804

Password: 050855

The Court hereby adopts the following settlement procedure and schedule:

| | |
|---|---|
| March 11, 2024 | Defendant provides the Class List to the Settlement Claims Administrator (Settlement Agreement § 9(A)) |
| March 25, 2024 | Settlement Claims Administrator mails the Class Notice (*Id.*) |
| After receiving notices for Class Members returned as undeliverable by May 9, 2024 | Settlement Claims Administrator attempts to obtain a current address by contacting the class member by phone if possible, and undertaking skip tracing. If successful in obtaining a new address by May 9, 2024, Settlement Administrator will promptly re-mail the Class Notice to the Settlement Class Member. Any Class Notices returned to the Settlement Administrator by May 9, 2024 shall be promptly re-mailed to the forwarding address. For Class Members to whom notice was returned as undeliverable and re-mailed, the Response Deadline shall be July 5, 2024. (*Id.*) |
| 21 days after class notice is mailed | Deadline for Participating Class Members to dispute workweek data. For Class Members to whom notice was returned as undeliverable and re-mailed, the deadline to dispute workweek data shall be 21 calendar days after re-mailing or 41 calendar days from the initial Notice mailing, whichever is later. |

| | |
|---|---|
| May 7, 2024 | Class Counsel to file Motion for Attorney's Fees, Costs, and Service Award; deadline to resolve workweek data disputes submitted by Class Members to whom Notice was not remailed. |
| June 21, 2024 | Response Deadline to opt-out or object. (*Id.* § 1(PP)) for Class Members to whom Notice was not remailed; deadline to resolve workweek data disputes submitted by Class Members to whom Notice was remailed. |
| June 28, 2024 | Settlement Administrator to provide Parties with a declaration attesting to completion of notice process, number of attempts to obtain valid mailing address and re-sending of returned Class Notices, and the identities, number of, and copies of all Requests for Exclusion and Objections received. (*Id.* § 9(A)) |
| July 5, 2024 | Response Deadline to opt-out or object for Class Members to whom Notice was remailed. |
| July 12, 2024 | Settlement Administrator to provide Parties with any updates to information regarding Requests for Exclusion and Objections received. |
| July 26, 2024 | Class Counsel to File Motion for Final Approval of Class Action Settlement |
| 75 days calendar days after final approval order (10 calendar days after effective date) | Defendant to pay the Gross Settlement Amount and Employer Taxes to Settlement Administrator (*Id.* § 11(B)) |
| 10 days after funding of settlement | Settlement Administrator to issue payment for service award, attorney's fees and costs, Settlement Administrator costs, payment to the Labor Workforce Development Agency, Individual PAGA payments and Individual Settlement Payments. (*Id.* at § 11(C) |
| 75 days after check issuance | Class Counsel to submit Settlement Administrator's summary accounting of distributions, number and value of uncashed checks to the Court. |
| 180 days after check issuance | Checks no longer valid and negotiable (*Id.* § 11(A)) |
| 14 days after check expiration | Settlement Administrator will cancel checks and cause funds associated with such checks to be tendered to the California State Controller's Unclaimed Property Division in the name of the Participating Class Member to whom the check was payable. (*Id.*) |
| 30 days after check expiration | Class Counsel to submit Settlement Administrator's final accounting to Court. |

If the Court grants Plaintiff's Motion for Final Approval of Class Action Settlement, the Court will issue a Final Order and Judgment. If no Party appeals the

6

1  Court's Final Order and Judgment, the "Effective Date" of the settlement will be the day
2  after the deadline for taking an appeal has passed; if an individual appeals the Court's
3  Final Order and Judgement, the "Effective Date" shall be the 66th day after the Court
4  enters its Final Order and Judgment.

   The Parties shall abide by all terms of the Settlement Agreement.

   **IT IS SO ORDERED.**

Dated:  February 26, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge