# EXHIBIT B

**NOTICE OF CLASS ACTION SETTLEMENT**

**IMPORTANT LEGAL NOTICE**

*Steven Miller v. Red Robin International, Inc.*

United States District Court, Northern District of California, Case No. 22-cv-02574-JCS

**THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT MAY AFFECT YOU.**

*A court authorized this notice. This is not a solicitation.*

**TO:** EMPLOYEES WHO WERE EMPLOYED BY RED ROBIN INTERNATIONAL, INC. IN THE STATE OF CALIFORNIA AS ASSISTANT GENERAL MANAGERS ("AGM"), KITCHEN MANAGERS ("KM"), OR ASSISTANT MANAGERS ("AM") (COLLECTIVELY, "SALARIED MANAGERS") DURING THE CLASS PERIOD (APRIL 27, 2018 THROUGH THE DATE THE COURT PRELIMINARILY APPROVES THE SETTLEMENT AGREEMENT OR SEPTEMBER 30, 2023, WHICHEVER IS EARLIER).

The United States District Court, Northern District of California, has granted preliminary approval of the proposed settlement ("Settlement") of the above-captioned action. Because your rights may be affected by this Settlement, it is important that you read this Notice of Class Action Settlement ("Notice") carefully. The purpose of this Notice is to provide a brief description of the claims alleged in the Class Action, the key terms of the proposed Settlement, and your rights and options with respect to the Settlement.

***AN ESTIMATE OF YOUR SHARE OF THE SETTLEMENT CAN BE FOUND IN SECTION 7.***

To receive your share, you do not have to file a claim or take any other action. You must take action only if you have an address change, want to object to the Settlement, or want to opt out from the Settlement.

**YOU MAY BE ENTITLED TO MONEY UNDER THIS PROPOSED SETTLEMENT.**

**PLEASE READ THIS NOTICE CAREFULLY; IT EXPLAINS YOUR LEGAL RIGHTS**.

| *1. Why Did I Receive This Notice?* |
|---|

A proposed settlement has been reached in a lawsuit involving Red Robin International, Inc. ("Defendant" or "Red Robin") that may affect your rights.

The records of the Defendant indicate that you worked at one or more of their California locations and you are a member of one or more of the following groups:

(A)  "Class Members" are all employees who are currently or have been employed by Defendant in the State of California for workweeks during which those individuals work or worked as Assistant General Managers ("AGM"), Kitchen Managers ("KM"), or Assistant Managers ("AM") (collectively, "Salaried Managers") at any time during the Class Period (April 27, 2018 through the date the court preliminarily approves the settlement agreement or September 30, 2023, whichever is earlier), excluding any Salaried Manager who signed an arbitration agreement with Defendant. The following workweeks shall be excluded: (1) any workweeks any Salaried Managers who did not opt out of the settlement in *Armando Bautista v. Red Robin International, Inc.*, Case No. STK-CV-UOE-2018-0002270, Superior Court of the state of California, San Joaquin County and worked as KMs during the period between April 27, 2018 and February 17, 2019; and (2) any workweeks any Salaried Manager who consented to join a prior settlement in *Outlaw v. Red Robin International, Inc.*, Case No. 2:18-cv-04357, United States District Court for the Eastern District of New York worked during the period between April 27, 2018 and March 31, 2020.

    (B)    "PAGA Members" are all employees who are currently or have been employed by Defendant in the State of California for workweeks during which those individuals work or worked as Salaried Managers at any time from February 7, 2021 through the date the Court preliminarily approves the Settlement Agreement or September 30, 2023, whichever is earlier. PAGA Members shall include employees who signed an arbitration agreement with Defendant.

This means you are a potential Class and/or PAGA Member, and you have a right to know about the Settlement. The Settlement will resolve all Class Members' Released Claims, as described below, from April 27, 2018 through the date the court preliminarily approves the settlement agreement or September 30, 2023, whichever is earlier ("Class Period"), and will resolve all PAGA Members' Released Claims, as described below, from February 7, 2021 through the date the Court preliminarily approves the Settlement Agreement or September 30, 2023, whichever is earlier ("PAGA Period").

The Preliminary Approval Hearing was held on January 26, 2024. The Northern District of California conditionally certified the Class for settlement purposes only and directed that you receive this Notice. The Court will hold a Final Approval Hearing concerning the proposed settlement on [DATE] at [TIME]. You may attend the hearing via Zoom at:
https://cand-uscourts.zoomgov.com/j/1619260804?pwd=RE5qWDhGOTdWWTZUOFlOKzhNc3pjZz09
Webinar ID: 161 926 0804
Password: 050855

The date of the Final Approval Hearing may change without further notice to you and other Class Members. If you plan to attend the hearing, you should check the settlement website or review the Court's docket on the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov to check if the date has changed. You may also obtain additional information regarding the Settlement and review important documents relating to this case by visiting the settlement website: [website]. Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award will be filed by _____.

### 2. What Is the Lawsuit About?

On April 27, 2022, Plaintiff Steven Miller ("Plaintiff") filed a Class Action Complaint against Defendant Red Robin International, Inc. Plaintiff brought this Class Action lawsuit on his behalf and other similarly situated employees in California.

In the lawsuit, Plaintiff claimed that Defendant violated the law by misclassifying Class Members as exempt employees, and: (1) failure to pay overtime wages; (2) California meal and rest period violations; (3) waiting time penalties; (4) failure to provide accurate wage statements; and (5) unlawful, unfair, and/or deceptive business practices. Plaintiff sought unpaid wages, interest, and penalties, injunctive relief, as well as attorneys' fees and costs for himself and Class Members. The lawsuit also includes a claim for civil penalties under the California Private Attorneys General Act of 2004, California Labor Code §§ 2698 et seq. ("PAGA"). As part of the terms and conditions of the Settlement, Plaintiff has agreed to amend his Complaint to add a seventh cause for alleged unreimbursed business expenditures or losses under California Labor Code § 2802.

The Court has not made any decision about the claims or allegations in this lawsuit. By issuing this Notice, the Court is not suggesting that one side would win or lose if this case went to trial. Defendant vigorously denies any liability whatsoever, denies all of the factual and legal allegations, and contends that it fully complied with all applicable laws at all times. Plaintiff and Defendant have agreed to settle the case as a negotiated compromise.

### 3. What Is a Class Action?

A class action is a legal proceeding where one or more persons sue not just for themselves, but also for other people who have similar claims (forming a "class" or a group of people).

### 4. Background of Settlement

Plaintiff's lawyers ("Class Counsel") have conducted a thorough investigation of the facts in this case, as well as a detailed assessment of Defendant's records.  Class Counsel then reached a settlement with Defendant after negotiations with the assistance of a neutral mediator.

Plaintiff and the attorneys for both sides believe the settlement is fair, reasonable, and adequate, and in the best interests of the Class and PAGA Members considering the uncertain outcome, risks, costs, and time involved in further litigation, trial, and possible appeals.

### 5. What Are the Monetary Terms of the Proposed Settlement?

Defendant has agreed to pay $3,200,000.00 (the "Gross Settlement Fund") to settle this case.  This money will be used to pay: (1) the reasonable fees and expenses of the Settlement Administrator to oversee the settlement administration currently estimated at $11,500; (2) a $100,000 settlement under the California Private Attorneys General Act of 2004, California Labor Code §§ 2698 et seq. ("PAGA"), inclusive of a $75,000 payment to the California Labor and Workforce Development Agency ("LWDA"), and a $25,000 payment ("PAGA Fund") to all PAGA Members; (3) a $10,000 service payment to the Plaintiff to compensate him for his services to the Class in bringing and litigating this lawsuit and for a general release of all of his claims against Defendant ("Service Award"); and (4) $800,000 in attorneys' fees and up to $25,000 in costs to compensate Class Counsel for their services to the Class. The remainder of the Gross Settlement Fund after paying these standard costs is the Net Settlement Amount that will be distributed to Class Members who do not opt out of the settlement ("Participating Class Members").

### 6. How Will My Settlement Payment Be Determined?

Participating Class Members' and PAGA Members' payments will be distributed as follows:  The Net Settlement Fund will be distributed to Settlement Class Members and PAGA Members on a proportionate distribution based on each Settlement Class Member's and PAGA Member's weeks worked during the Class Period and the PAGA Period, respectively, as follows:

- $25,000 shall be allocated for proportionate distribution based on weeks worked by the PAGA Members from February 7, 2021 through the date the Court preliminarily approves the Settlement Agreement or September 30, 2023, whichever is earlier. All PAGA Members will receive a proportional share of the $25,000 PAGA Fund, regardless whether they opt out of the Settlement Class.
- The remaining amount in the Net Settlement Fund shall be allocated for proportionate distribution based on weeks worked among the Settlement Class Members from April 27, 2018 through the date the court preliminarily approves the settlement agreement or September 30, 2023, whichever is earlier.

### 7. How Much Can I Expect to Receive from This Settlement?

Your estimated gross distribution from the Net Settlement Amount and the PAGA penalties ("Settlement Payment") is set forth below and based on the following information from Defendant's records:

**Your Dates of Employment and Work Weeks During the Class Period**:

Your dates of employment during the Class Period are: _____ to _____.

You worked ___ weeks between February 7, 2021 through the date the Court preliminarily approves the Settlement Agreement or September 30, 2023 (PAGA Group)

You worked __ weeks between April 27, 2018 through the date the court preliminarily approves the settlement agreement or September 30, 2023 (Class Members)

[X] workweeks have been excluded because of your participation in one or more of the following class action settlements: the settlement in *Armando Bautista v. Red Robin International, Inc.*, Case No. STK-CV-UOE-2018-0002270, Superior Court of the state of California, San Joaquin County or the settlement in *Outlaw v. Red Robin International, Inc.*, Case No. 2:18-cv-04357, United States District Court for the Eastern District of New York.

**Estimated Share of Net Settlement Amount:**

Based on this information, your estimated share of the Net Settlement Amount is: $_____.

**YOUR TOTAL ESTIMATED SETTLEMENT PAYMENT BASED ON __ WORKWEEKS WORKED DURING THE PAGA PERIOD AND __ WORKWEEKS WORKED DURING THE CLASS PERIOD (AS REFERENCED ABOVE), BEFORE TAX DEDUCTIONS AND WITHHOLDINGS, IS: $_____**

**Your actual Settlement Payment may end up being higher or lower than estimated.**

**If you disagree with any of the information above which was used to calculate your Settlement Payment, you may challenge the information by contacting the Settlement Administrator and providing information/documentation to support your challenge. The Settlement Administrator will evaluate the evidence you submit and decide whether your Settlement Payment should be changed.**

For tax purposes, your Settlement Payment shall be allocated between wages and non-wage income as follows: 34% of such consideration shall be allocated to the payment of taxable wages and wage-related payments; 66% of such consideration shall be allocated to the payment of non-wage income consisting of interest on wages, alleged penalties, liquidated damages, and related aspects of the settlement. From the portion which is wages shall be withheld the employee's share of payroll and income taxes and all other applicable deductions or withholdings required by law or expressly authorized by the Class Member. From the portions which are allocated as non-wage income shall be withheld all applicable deductions or withholdings required by law or expressly authorized by the Class Member. To the extent required by law, Class and PAGA Members will receive a Form 1099. Consult your tax advisor with any questions about the tax consequences of your Settlement Payment.

### 8. When Will I Receive My Payment and What Do I Have To Do?

The Court will hold a Final Approval hearing on [_____] at [TIME], to determine whether to approve the settlement. You may attend the hearing on Zoom at:
https://cand-uscourts.zoomgov.com/j/1619260804?pwd=RE5qWDhGOTdWWTZUOFlOKzhNc3pjZz09
Webinar ID: 161 926 0804
Password: 050855

If the Court approves the settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient. Even if the Court approves the settlement, and there are no appeals, the settlement checks will not be issued until about three months after the date of the fairness hearing at the earliest. The Settlement Agreement contains the exact details of the payment schedule. You may obtain a copy of the Settlement Agreement by following the instructions in Section 15 below.

**You must cash each check within 180 days of issuance**. Checks are void 15 days after the 180-day check cashing deadline. Any amount remaining 180 days after the Final Approval Order and after any correctable errors or omissions are covered will be tendered to the California State Controller's Office's Unclaimed Property Division in the name of the Participating Class Member to whom the check was payable.

| *9. What Are My Legal Rights and Options Under the Settlement?* ||
|---|---|
| **Do Nothing** | If you do nothing, and if the Court grants final approval of the Settlement, you will receive payments under the Settlement.  You will also release (give up your rights) on any and all claims you may have that are covered by the Settlement.  You do not have to do anything to receive payments.  To receive a check, you must ensure that your address is kept up to date. |
| **Challenge the Underlying Data for Your Share** | You may challenge the data used to determine your Settlement Payment if you believe the data is incorrect.  If you wish to challenge the data, you must do so in writing, and can mail the Challenge Form enclosed with this Notice to the Settlement Administrator at the address below on or before _____, 2023, along with any supporting documentation.  Be sure to include your full name.  The Settlement Administrator will attempt to resolve the dispute directly with you, with the assistance of the lawyers for both sides.  If the dispute cannot be resolved, the Court will decide the dispute.  All such disputes will be resolved no later than _____. |
| **Exclude Yourself or "Opt Out" of the Class Settlement but not the PAGA Settlement** | If you "opt out," you will NOT receive any money from the Settlement and you will NOT release any claims you may have against Defendant.  To opt out, you must complete the Exclusion Form included with this Notice and mail it to the Settlement Administrator at the address below on or before _____, 2023.  Any request for opt-out postmarked after _____, 2023 will be void unless the Court agrees to review the late request.<br><br>You cannot opt out of the PAGA portion of the proposed Settlement. PAGA Members will receive a payment from the PAGA Fund and must release (give up their rights) to pursue PAGA penalty claims against Defendant based on the facts alleged in the Action during the PAGA Period. |

| **Participating Class Members Can Object to the Class Settlement but not the PAGA Settlement** | All Class Members who do not opt-out ("Participating Class Members") can object to any aspect of the proposed class settlement, but not the PAGA settlement. If you are a Participating Class Member, you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object. |
|---|---|
| | To object, you must file a written objection with the Clerk of the United States District Court for the Northern District of California. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. Objections may be made at the hearing on the Motion for Final Approval without a written objection being submitted only with the Court's express permission. |
| | All written objections must state your full name, address, and the dates you worked as an employee for the Defendant. Any written objection should state each specific reason in support of the objection, and state whether it applies only to the objector, to a specific subset of the class, or to the entirety of the class. Written objections and supporting papers must (a) clearly identify the case name and number (*Steven Miller v. Red Robin International, Inc.*, Case No. 22-CV-02574-JCS), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco CA 94102, and (c) be filed or postmarked on or before _____. |

## 10. What If I Have Questions?

If you have questions, please contact Class Counsel or the Settlement Administrator.



Class Counsel:

> **Rebecca Peterson-Fisher**
> **Jennifer Liu**
> **C. Leah Kennedy**
> **Katz Banks Kumin LLP**
> 150 California Street, 16th Floor
> San Francisco, CA 94111
> Telephone: (415) 813-3260
> Fax: (415) 813-2495
> Email: peterson-fisher@katzbanks.com
> Website: https://www.katzbanks.com

Settlement Administrator:

> *Miller v. Red Robin International, Inc.*
> c/o RUST CONSULTING.
> [ADDRESS]
> Tel. [PHONE]
> Fax [FAX]
> Email: [EMAIL]

DO NOT CONTACT THE COURT OR DEFENDANT'S ATTORNEYS FOR INFORMATION REGARDING THE SETTLEMENT OR THE CLAIM PROCESS.

### 11. Who Is the Settlement Administrator?

The Settlement Administrator is a company hired by the Parties to administer the Settlement. The parties have agreed to use Rust Consulting as the Settlement Administrator.

The Settlement Administrator's duties include calculating settlement payments, processing challenges, objections, and exclusions, making payments to the Class Members, and answering questions you may have.

### 12. How Will the Lawyers and the Representative for the Class Be Paid?

Class Counsel will request Court approval for reimbursement of actual litigation costs up to $25,000 and payment of attorneys' fees of up to no more than 25% of the Gross Settlement Fund. The Court will decide whether or not to award the attorneys' fees requested. The attorneys' fees are for legal services that have been and will be provided to the Classes.

Class Counsel will also ask the Court to approve a Service Award of up to $10,000 for the Plaintiff for the effort, time, and risks he took to bring this case, as well as for his release of all claims against Defendant. If approved, this award would be in addition to the amount Plaintiff receives under the settlement as a Class Member.

### 13. What Is Being Released as Part of the Settlement?

If the Court grants Final Approval of the settlement, the Participating Class Members (those who did not opt out) will fully release Defendant from liability for any and all claims alleged or that could have been alleged in Plaintiff's Operative Complaint based on the facts alleged, which arose during the Class Period, including but not limited to (1) all claims failure to pay overtime wages; (2) all claims for failure to provide meal and rest periods; (3) all claims for failure to pay earned wages upon discharge; (4) all claims for failure to provide accurate wage statements; (5) all claims for unlawful, unfair, and/or deceptive business practices California Business & Professions Code section 17200, *et seq.* arising out of the Labor Code violations referenced in the Operative Complaint; and (6) all claims for failure to reimburse necessary business expenditures or losses under California Labor Code § 2802 (the "Class Released Claims"). Unrelated claims (e.g. workers' compensation, disability, unemployment, wrongful termination, retaliation, and discrimination) are not released. Claims arising from facts and circumstances from before April 27, 2018 or after the court's Preliminary Approval Order are also not released.

PAGA Members who are not Participating Class Members will release only all claims exhausted in Plaintiff's notice(s) sent to the LWDA and alleged in the Operative Complaint and/or based on the Class Released Claims, which arose during the PAGA Period, regardless of whether PAGA Members opt out of the Class Settlement, including claims for PAGA penalties pursuant to Labor Code sections 210, 226.3, 256, 558, 1174.5, 1197.1, and 2699 in connection with alleged violations of Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198, 2802, 2699.

| 14. Can I Be Retaliated Against for Participating in the Settlement? |
|---|

The law prohibits Defendant from retaliating against employees for exercising their rights under the law. This means Defendant may not fire, demote, or harass you, classify you as ineligible for rehire, or retaliate against you in any other way because you choose to participate in the Settlement.

| 15. Getting More Information about the Settlement |
|---|

This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at _____, by contacting Class Counsel or the Settlement Administrator via the contact information provided in Section 10, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**IMPORTANT:**

**1. If you move or change your address, send the Settlement Administrator your new address. It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your Settlement Payment.**

**2. It is strongly recommended that you keep a copy of any challenge, request for exclusion and/or objection that you submit, and proof of timely mailing, emailing, and/or faxing, until after the Final Approval hearing.**

| *Your Contact Information* |
|---|

The Settlement Administrator is using the following contact information for you. If any of your contact information is inaccurate, please correct that information and return a copy of this form to the Settlement Administrator at the address above.

<<Name>>

_____

<<Address>>

_____

<<City>>, <<State>  <Zip>>

_____

(___  ___  ___)  ___  ___  ___ -- ___  ___  ___  ___

**Home Telephone Number**


(___  ___  ___)  ___  ___  ___ -- ___  ___  ___  ___

**Cellular Phone Number**



_____

**Email**

**Complete this Challenge Form only if you wish to challenge the personal information used to calculate your estimated Settlement Payment, as listed above.**

*Challenge Form*

Check the boxes below ONLY if you wish to challenge the personal information used to calculate your estimated Settlement Payment, as listed above. You do NOT have to submit this form if this information is accurate. All fields must be completed for your challenge to be accepted. **Any challenges must be postmarked or sent, if emailed or faxed, by no later than [DATE].** Challenges postmarked, emailed, or faxed after this date will not be honored.

☐   I wish to challenge the dates of my employment.

I have included a written statement of what I believe to be my correct information regarding the challenge(s) checked above. I have also included information and/or documents that support my challenge (for example, paystubs or time records). I understand that, by submitting this challenge, I authorize the Settlement Administrator to review Defendants' records, to provide a copy of this challenge and my supporting documents or information to Class Counsel and Defense Counsel, and to contact me to attempt to resolve my challenge. If my challenge cannot be resolved, I understand the Court will make a final decision regarding my challenge.

If you have checked any of the boxes above, please sign below, print your name, and provide your Class Member ID number (from the address label on the envelope of this mailing).

_____
Signature

Name of Class Member   ____[NAME]_____

Class Member ID Number (from address label):   _____[mail id]_____

Statement of reasons and documents in support of challenge(s) checked above:

_____

_____

_____

_____

_____

**[Please attach documents and use separate page(s) as necessary]**