Rebecca Peterson-Fisher (SBN 255359)
Jennifer Liu (SBN 279370)
C. Leah Kennedy (SBN 346306)
KATZ BANKS KUMIN LLP
150 California Street, 16th Floor
San Francisco, CA 94111
Tel: 415.813.3260
Fax: 415.813.2495
Email: Peterson-Fisher@katzbanks.com
Liu@katzbanks.com
Kennedy@katzbanks.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN MILLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RED ROBIN INTERNATIONAL, INC. dba RED ROBIN BURGER AND SPIRITS EMPORIUMS, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:22-CV-02574-JCS<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Before the Hon. Joseph C. Spero<br><br>Hearing: August 16, 2024 at 9:30 AM<br>Location: Videoconference<br>Filed: April 27, 2022 |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT SETTLEMENT TERMS ........................................................................ 2

III. ARGUMENT ................................................................................................................... 2

    A. Class Counsel Achieved Excellent Results ....................................................... 3

    B. The Risk of Litigation ......................................................................................... 4

    C. The Skill Required and Quality of Work ......................................................... 5

    D. The Contingent Nature of the Fee and the Financial Burden Carried by the Plaintiff .......... 5

    E. The Requested Fee Award Is Consistent With Awards Made in Similar Cases ................... 6

    F. A Lodestar Cross-Check Supports Plaintiff's Fee Request ......................................... 6

    G. Class Counsel's Request for $11,848.69 in Costs is Reasonable ........................................... 8

    H. Plaintiff's Requested Service Award is Reasonable. .................................................. 8

IV. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Austin v. Foodliner, Inc.*, No. 16-CV-07185-HSG, 2019 WL 2077851
(N.D. Cal. May 10, 2019) ............................................................................................................ 8

*Bautista v. Red Robin*, Case No. STK-CV-UOE-2018-0002270 ...................................................... 4

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245 (N.D. Cal. 2015) .................................... 3, 6

*Bolton v. U.S. Nursing Corp.*, No. C 12-4466 LB, 2013 WL 5700403
(N.D. Cal. Oct. 18, 2013) ............................................................................................................ 8

*Carlotti v. ASUS Computer Int'l*, No. 18-cv-03369-DMR, 2020 WL 3414653
(N.D. Cal. June 22, 2020) ........................................................................................................... 7

*Chess v. Volkswagen Group of America, Inc.*, No. 17-cv-07287-HSG,
2022 WL 4133300 (N.D. Cal. Sept. 12, 2022) ........................................................................... 6

*De Leon v. Ricoh USA, Inc.*, No. 18-CV-03725-JSC, 2020 WL 1531331
(N.D. Cal. Mar. 31, 2020) ........................................................................................................... 8

*Fischel v. Equitable Life Assur. Society of U.S.*, 307 F.3d 997 (9th Cir. 2002) ...................... 2, 6, 7

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ................................... 2, 3

*In re Omnivision Techs., Inc. Sec. Litig.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008) .......................... 3

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
No. 2672 CRB (JSC), 2017 WL 1047834 (N.D. Cal. March 17, 2017) ..................................... 7

*In re Washington Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291 (9th Cir. 1994) ..................... 7

*Kang v. Wells Fargo Bank, N.A.*, No. 21-cv-00071-BLF, 2021 WL 5826230
(N.D. Cal. Dec. 8, 2021) ............................................................................................................. 7

*Laffitte v. Robert Half Int'l*, 1 Cal.5th 480, 505 (Cal. 2016) ............................................................ 7

*Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 463 (E.D. Cal. 2013) ................................. 6

*Ontiveros v. Zamora*, 303 F.R.D. 356 (E.D. Cal. 2014) .................................................................. 6

Outlaw v. Red Robin, Case No. CV184357GRBAYS, 2020 WL 13566470
(E.D.N.Y. July 7, 2020) .............................................................................................................. 4

*Patel v. Nike Retail Servs., Inc.*, No. 14-CV-04781-RS, 2016 WL 1241777
(N.D. Cal. Mar. 29, 2016) ........................................................................................................... 4

*Quinby v. ULTA Salon, Cosmetics & Fragrance, Inc.* (N.D. Cal. Jan. 18, 2017)

Case No. CV-15-04099 .................................................................................................................. 8

*Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017) ..................................... 8

*Rodriguez v. Danell Custom Harvesting, LLC*, 327 F.R.D. 375 (E.D. Cal. 2018) ........................... 6

*Rodriguez v. Nike Retail Servs., Inc.*, No. 14-CV-01508-BLF, 2022 WL 254349
(N.D. Cal. Jan. 27, 2022) .................................................................................................................. 3

*Senne v. Kansas City Royals Baseball Corp.,* No. 14-CV-00608 JCS,
2023 WL 2699972 (N.D. Cal. Mar. 29, 2023), *aff'd sub nom. Senne v. Concepcion*,
No. 23-15632, 2023 WL 4824938 (9th Cir. June 28, 2023) ............................................................. 6

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir.1990) ........................... 3

*Smith v. Red Robin International*, No. 14CV01432 JAH-BGS, 2017 WL 1198907
(S.D. Cal., Mar. 31, 2017) ................................................................................................................ 3

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ......................................................................... 3

*Tarlecki v. bebe Stores, Inc.*, No. C 05–1777 MHP, 2009 WL 3720872
(N.D. Cal. Nov. 3, 2009) .................................................................................................................. 3

*Uschold v. NSMG Shared Servs., LLC*, No. 18-cv-01039-JSC, 2020 WL 3035776
(N.D. Cal. June 5, 2020) ................................................................................................................... 8

*Vizcaino v, Microsoft Corp.,* 290 F.3d 1043 (9th Cir. 2002) ............................................................ 7

*Zubia v. Shamrock Foods Company*, No. CV 16-3128 AB (AGRx),
2017 WL 10541431 (C.D. Cal. Dec. 21, 2017) ........................................................................... 2, 6

**Statutes**

Federal Rule of Civil Procedure 23(h) ............................................................................................. 2

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Court will hold a Fairness Hearing on August 16, 2024 at 9:30 a.m. via videoconference at:

https://canduscourts.zoomgov.com/j/1619260804?pwd=RE5qWDhGOTdWWTZUOFlOKzhNc3pjZz09

Webinar ID: 161 926 0804

Password: 050855

Plaintiff STEVEN MILLER, on behalf of himself and others similarly situated ("Class Members") will and hereby does move this Court for an order granting attorneys' fees of $800,000, cost reimbursement of $11,848.69, and a service award of $10,000 for Plaintiff Miller under Federal Rule of Civil Procedure 23(h).

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Rebecca Peterson-Fisher in Support of Motion for Attorneys' Fees, Costs, and Service Award filed herewith, and oral argument on the motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This Court granted preliminary approval of the $3,200,000 proposed settlement in this action on February 26, 2024. ECF No. 61. The settlement resolves a class action and Private Attorneys General Act ("PAGA") representative action filed by Plaintiff on behalf Assistant Managers, Kitchen Managers, and Assistant General Managers ("Salaried Managers" or "SMs") who worked at Red Robin restaurants in California, whom Plaintiff alleges were misclassified as exempt employees. At the time of preliminary approval, the estimated size of the proposed class of SMs who did not sign arbitration agreements was 205, and an additional 47 SMs who did sign arbitration agreements were to be included in the PAGA settlement. Based on updated records of employment that reflect promotions and new hires between the mediation date in this matter and the end of the class period, notice was sent on March 25, 2024 to 218 class members who did not

sign settlement agreements, 124 of whom are also PAGA group members, and 78 PAGA group members who did sign arbitration agreements.  Decl. of Rebecca Peterson-Fisher in Support of Motion for Attorneys' Fees, Costs, and Service Award ("Peterson-Fisher Decl.") ¶ 34, Exhibit C.  As of April 26, 2024, no objections have been received.  *Id.*

By this motion, Plaintiff seeks $800,000 in attorneys' fees for Plaintiff's counsel (25% of the total gross settlement amount), $11,848.69 in cost reimbursement, and a $10,000 service award for Plaintiff Miller under Federal Rule of Civil Procedure 23(h).  *Id.* ¶¶ 39, 44.  The fee award sought is in line with the Ninth Circuit's 25% benchmark for percentage-of-recovery fees in common fund cases, and is reasonable under the circumstances of this case.  Plaintiff's cost reimbursement request is modest and includes only necessary costs, and his request for a service award is reasonable in light of the time he expended working on this case, the reputational risk he undertook as the sole named Plaintiff, and the benefit he was instrumental in achieving for the class as a whole.

## II.     RELEVANT SETTLEMENT TERMS

The Settlement Agreement provides that Defendant will not oppose Plaintiff's requests for up to $800,000 in attorneys' fees, up to $25,000 in cost reimbursement, and a service award of up to $10,000.  ECF No. 61, Exhibit A at §§ 12, 13 (Settlement Agreement).

## III.    ARGUMENT

The Ninth Circuit has approved two methods of calculating reasonable attorneys' fees: the lodestar method and the percentage-of-recovery, or "common fund" method.  *See, e.g.*, *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011); *Fischel v. Equitable Life Assur. Society of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002).  The Court has discretion to use either method; however, the percentage-of-recovery method is "dominant" in common fund cases.  *Zubia v. Shamrock Foods Company*, No. CV 16-3128 AB (AGRx), 2017 WL 10541431, at *6 (C.D. Cal. Dec. 21, 2017) (internal citations omitted).  In this case, Plaintiff requests a fee award of $800,000, or 25% of the common fund.  ECF No. 61, Exbibit A at § 12.  Twenty-five percent is the benchmark for common fund fee awards in the Ninth Circuit and is generally approved unless

special circumstances warrant a departure.  *See, e.g.*, *In re Bluetooth*, 654 F.3d at 945 (internal citations omitted); *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) (internal citations omitted); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.1990); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015).  Under either method, the goal is to "reasonably compensate counsel for their efforts in creating the common fund."  *In re Omnivision Techs., Inc. Sec. Litig.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008).

The Court's determination of the reasonableness of a requested fee award considers several factors: "'(1) the results achieved; (2) the risk of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.'" *Rodriguez v. Nike Retail Servs., Inc.*, No. 14-CV-01508-BLF, 2022 WL 254349, at *5 (N.D. Cal. Jan. 27, 2022) (quoting *Tarlecki v. bebe Stores, Inc.*, No. C 05–1777 MHP, 2009 WL 3720872, at *4 (N.D. Cal. Nov. 3, 2009) (citations omitted)).  Each factor supports the fee award requested in this case.

### A. Class Counsel Achieved Excellent Results

The $3,200,000 settlement amount is an excellent result in light of the risks presented by this case and in comparison with results in similar cases.  This was a challenging case not only because misclassification cases are difficult to certify generally, but also because Red Robin defeated a motion for class certification on behalf of a similar class of allegedly misclassified "Intermediate Managers" in *Smith v. Red Robin International*, No. 14CV01432 JAH-BGS, 2017 WL 1198907 (S.D. Cal., Mar. 31, 2017).  Peterson-Fisher Decl. ¶ 37.  Plaintiff's counsel was faced with the difficult task of persuading the Court and Defendant that the result in this case would be different, despite the fact that Plaintiff Miller asserted the same general claims on behalf of the same employees as the plaintiffs in *Smith*.  To do so, Plaintiff's counsel engaged in substantial discovery and investigation efforts to analyze the impact of Defendants' decisions to eliminate the busser position and the expeditor position its restaurants.  Peterson-Fisher Decl. ¶ 29.  In addition, although *Belaire-West* notice went to only a sample of the class, Plaintiff's counsel conducted in-depth interviews with approximately three dozen SMs and obtained seventeen

declarations. *Id.* ¶ 31. Because most interviewees worked at multiple Red Robin locations, Plaintiff obtained detailed information regarding the working conditions for SMs at 54 of Defendant's California restaurants. *Id.* Class Counsel's considerable efforts expended on discovery and investigation enabled Plaintiff to make a strong case for class certification and ultimately achieve a favorable settlement.

This settlement is particularly impressive when compared with the results of other misclassification cases filed against Red Robin on behalf of salaried managers. Based on the updated data Defendant has now provided and Class Counsel's updated costs, the average settlement award per class member, excluding PAGA payments, is estimated to be $10,397.48, plus an additional $123.76 for PAGA group members. *Id.* ¶ 37. In *Bautista v. Red Robin*, Case No. STK-CV-UOE-2018-0002270, a case settled in 2019 on behalf of Kitchen Managers statewide, class members received an average payout of only $1,900.80 per class member. *Id.* In *Outlaw v. Red Robin*, an FLSA action on behalf of SMs nationwide, settled in 2022, opt-in plaintiffs received, on average, $5,433 per class member. *Id.*; No. CV184357GRBAYS, 2020 WL 13566470 (E.D.N.Y. July 7, 2020). The result of the class in this case is nearly double the average award in *Outlaw* and more than five times the award in *Bautista*.

**B. The Risk of Litigation**

Class Counsel undertook very significant risk by representing Plaintiff and the Class on a contingent-fee basis. It is well established that Labor Code exemptions typically require an individualized, fact-intensive inquiry. Peterson-Fisher Decl. ¶ 36; *Patel v. Nike Retail Servs., Inc.*, No. 14-CV-04781-RS, 2016 WL 1241777, at *7 (N.D. Cal. Mar. 29, 2016). Class actions that allege a policy of misclassification are therefore inherently risky. Peterson-Fisher Decl. ¶ 36. While certain factors and common policies in this case supported class certification – specifically, the elimination of the busser and expeditor positions – Plaintiff faced all of the same barriers to certification that are present in misclassification cases generally. *Id.* Class Counsel faced a substantial risk of losing on the merits as well. Plaintiff would argue that certain tasks Defendant considered managerial, including scheduling employees, assigning them to areas for their shifts,

and ordering supplies, were so rote that they should be classified as exempt. *Id.* But Defendant would undoubtedly characterize these activities as requiring discretion and independent judgment to evaluate the operational needs of the restaurant and the strengths and weaknesses of employees and make decisions accordingly. *Id.* In support of the executive exemption, Defendant could successfully argue that SMs customarily and regularly directed the work for two or more employees because they assigned staff to tasks and restaurant stations, counseled them, and issued writeups. *Id.* Further, Defendant would argue that SMs' recommendations for hiring, firing, and promotion were given "particular weight." *Id.* By undertaking this litigation on a contingent-fee basis, Class Counsel took a significant risk that they would not be compensated at all for their work.

### C. The Skill Required and Quality of Work

Class Counsel's skill, experience, and quality of work directly contributed to the excellent result achieved for the Class. Class Counsel are experienced wage-and-hour litigators who have achieved national recognition for their excellent work on behalf of employees. Peterson-Fisher Decl. ¶¶ 8-25. Because of their skill and experience, Class Counsel conducted a thorough and detailed investigation that covered 54 of Red Robin's California restaurants in various geographic areas. *Id.* ¶ 31. Moreover, Class Counsel focused their analysis on common evidence, such as the elimination of bussers and expeditors and the details of Defendant's labor budgeting practices. *Id.* at ¶ 29. Class Counsel's robust investigation and discovery efforts enabled them to argue persuasively that they were likely to achieve class certification based on common evidence of misclassification statewide, even though Red Robin previously defeated a class certification motion in *Smith*. *Id.* ¶ 37.

### D. The Contingent Nature of the Fee and the Financial Burden Carried by the Plaintiff

Class Counsel have represented Plaintiff on a contingent basis with no guarantee of any recovery for over two years. Peterson-Fisher Decl. ¶¶ 4, 6. During that time, Class Counsel have expended over seven hundred of hours of work on this matter, foregoing hourly-paying work to

maintain proper staffing for this statewide class action. *Id.* ¶ 42, Exhibit A. Class Counsel have also expended considerable costs with no guarantee of reimbursement, and with the knowledge that if they were paid at all, it could be after a lengthy delay. *Id.* ¶ 44, Exhibit B.

### E. The Requested Fee Award Is Consistent With Awards Made in Similar Cases

The requested fees are consistent with fee awards made in similar wage and hour cases. *Rodriguez v. Danell Custom Harvesting, LLC*, 327 F.R.D. 375, 392 (E.D. Cal. 2018) (awarding 25% of the gross settlement amount in a wage and hour class action); *Bellinghausen*, 306 F.R.D. 245 at 260-61 (approving an attorney fee award of 25% of the gross fund in a wage and hour class action); *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014) (awarding 25% of the common fund in a wage and hour class action); *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443 (E.D. Cal. 2013) (awarding 25% of the total settlement as attorneys' fees in wage and hour class action).

### F. A Lodestar Cross-Check Supports Plaintiff's Fee Request

Courts compare Class Counsel's lodestar to the requested percentage-of-recovery fee to assist their determination of the reasonableness of the fee requested. *See Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608 JCS, 2023 WL 2699972, at *20 (N.D. Cal. Mar. 29, 2023), *aff'd sub nom. Senne v. Concepcion*, No. 23-15632, 2023 WL 4824938 (9th Cir. June 28, 2023). Class Counsel's lodestar is calculated by multiplying the hours Class Counsel expended by their reasonable hourly rates. *Fischel*, 307 F.3d at 1006. Class Counsel's reasonable hourly rates are determined by examining the prevailing market rates in the district in which the case is proceeding. *Zubia*, 2017 WL 10541431, at *19. As set forth in Class Counsel's declaration, Class Counsel's historic equivalent hourly rates have been approved by courts in San Francisco, Los Angeles, and Sacramento. Peterson-Fisher Decl. ¶ 43. Class Counsel's rates range from $880 to $1,000 for partners and from $440 to $660 for associates, and $340 for a senior paralegal. These rates are consistent with rates approved in this district in other cases. *Chess v. Volkswagen Group of America, Inc.*, No. 17-cv-07287-HSG, 2022 WL 4133300 (N.D. Cal. Sept. 12, 2022) (finding billing rates ranging up to $1,100 for partners and up to $800 for associates to be "in line with

prevailing rates in this district for personnel of comparable experience, skill, and reputation"); *Carlotti v. ASUS Computer Int'l*, No. 18-cv-03369-DMR, 2020 WL 3414653, at *5-6 (N.D. Cal. June 22, 2020) (finding hourly rates ranging from $950 to $1,025 for partners, $450-900 for other attorneys, and $225-$275 for legal assistants reasonable); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. March 17, 2017) (finding rates ranging from $275 to $1,600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals reasonable).

      Class Counsel declare that they spent a total of 711.9 hours on this case, exclusive of hours spent preparing this motion, and they have provided a breakdown of hours by timekeeper as well as a general description of the categories of legal work completed in the course of representing Plaintiff and the Class. Peterson-Fisher Decl. ¶ 42, Exhibit A. This evidence is sufficient for the Court to utilize the lodestar cross-check to evaluate the reasonableness of the fee requested. When performing a lodestar cross-check, courts have "generally not been required to closely scrutinize each claimed attorney-hour, but have instead used information on attorney time spent to focus on the general question of whether the fee award appropriately reflects the degree of time and effort expended by the attorneys." *Carlotti*, 2020 WL 3414653, at *6 (quoting *Laffitte v. Robert Half Int'l*, 1 Cal.5th 480, 505 (Cal. 2016)).

      Utilizing Class Counsel's hourly rates, Class Counsel's lodestar is approximately $445,000. Peterson-Fisher Decl. ¶ 40. The fees requested therefore represent a 1.8 multiplier. *Id.* "It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002). Thus, a district court may apply a multiplier to compensate for undertaking the risk of nonpayment. *Fischel*, 307 F.3d at 1008. The multiplier requested here is in line with multipliers found reasonable in similar cases. *See, e.g., Kang v. Wells Fargo Bank, N.A.*, No. 21-cv-00071-BLF, 2021 WL 5826230, at *17 (N.D. Cal. Dec. 8, 2021) (observing that the "Ninth Circuit has recognized that multipliers

7

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES

generally range from 1 to 4") (citing *Vizcaino*, 290 F.3d at 1051 n.6); *Uschold v. NSMG Shared Servs., LLC*, No. 18-cv-01039-JSC, 2020 WL 3035776, at *16 (N.D. Cal. June 5, 2020) (applying multiplier of 4 to fee award in wage and hour class action settlement); *De Leon v. Ricoh USA, Inc.*, No. 18-CV-03725-JSC, 2020 WL 1531331, at *18 (N.D. Cal. Mar. 31, 2020) (applying multiplier of 1.09 to fee award in wage and hour class action settlement); *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 999 (N.D. Cal. 2017) (applying multiplier of 2.0 to fee award in wage and hour class action settlement); *Quinby v. ULTA Salon, Cosmetics & Fragrance, Inc.* (N.D. Cal. Jan. 18, 2017) Case No. CV-15-04099 (approving a multiplier of 1.82 in a wage and hour misclassification case).[1]

### G. Class Counsel's Request for $11,848.69 in Costs is Reasonable

Class Counsel seek $11,848.69 in costs. Peterson-Fisher Decl. ¶ 44. These costs include Plaintiff's portion of the mediator's fee, court filing fees, postage, research, technology, and class administration. *Id.*, Exhibit B.

### H. Plaintiff's Requested Service Award is Reasonable.

Plaintiff Steven Miller requests a service award of $10,000, 0.03% of the total settlement amount, for alone shouldering the burden of being the sole named Plaintiff for the Class. This requested service award is less than average per-class-member award and in line with service awards in similar cases in the Ninth Circuit. *See., e.g., Austin v. Foodliner, Inc.*, No. 16-CV-07185-HSG, 2019 WL 2077851, at *8 (N.D. Cal. May 10, 2019) (approving an incentive award of $10,000 for a named plaintiff where the average settlement recovery was estimated to be $3,500 per class member and the named plaintiff was not deposed); *Quinby*, (N.D. Cal. Jan. 18, 2017) Case No. CV-15-04099 (approving incentive awards of $10,000 where the named plaintiffs were not deposed); *Bolton v. U.S. Nursing Corp.*, No. C 12-4466 LB, 2013 WL 5700403, at *6 (N.D. Cal. Oct. 18, 2013) (approving a $10,000 incentive award where the average settlement recovery was estimated to be $595.91 per class member and the named plaintiff was not deposed).

---

[1] Order attached as Exhibit E to Peterson-Fisher Decl.

Moreover, Plaintiff Miller continues to work in the Bay Area restaurant industry, and he took a significant risk of being subjected to retaliation or reputational harm by being the named Plaintiff in this lawsuit.  Peterson-Fisher Decl. ¶ 45, Exhibit D.  Hundreds of people who likely still work in the restaurant industry received class notice and now know that Plaintiff filed this lawsuit.  *Id.*  In addition, the lawsuit has been covered by classaction.org and law360.com, and information about it can be obtained easily through a Google search.  *Id.*  Plaintiff took on this risk alone, and he did so because he believed the Class deserved justice.  *Id.*  Plaintiff Miller spent 16 to 25 hours working on this lawsuit, but his value to the lawsuit was far greater.  *Id.*  Because of Mr. Miller, Class Counsel gained a deep understanding of each of the day-to-day tasks performed by SMs at Red Robin and were able to structure their investigative interviews and declarations to highlight common evidence that could be used to obtain class certification and victory on the merits.  The settlement in this case quite literally could not have been achieved without Mr. Miller.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his Motion for Attorneys' Fees, Costs, and Service Award.

DATED: May 7, 2024                    Respectfully submitted,

                                      KATZ BANKS KUMIN LLP


                                      By: _____
                                           Rebecca Peterson-Fisher

                                      *Counsel for Plaintiff and the Proposed Class*