1  Rebecca Peterson-Fisher (SBN 255359)
   Jennifer Liu (SBN 279370)
2  C. Leah Kennedy (SBN 346306)
   KATZ BANKS KUMIN LLP
3  150 California Street, 16th Floor
   San Francisco, CA 94111
4  Tel: 415.813.3260
   Fax: 415.813.2495
5  Email: Peterson-Fisher@katzbanks.com
   Liu@katzbanks.com
6  Kennedy@katzbanks.com
7
8  *Counsel for Plaintiff and the Proposed Class*
9
10              **UNITED STATES DISTRICT COURT**
11            **NORTHERN DISTRICT OF CALIFORNIA**
12               **SAN FRANCISCO DIVISION**
13

| | |
|---|---|
| STEVEN MILLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RED ROBIN INTERNATIONAL, INC. dba RED ROBIN BURGER AND SPIRITS EMPORIUMS, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 22-CV-02574-JCS<br><br>**[~~PROPOSED~~] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Before the Hon. Joseph C. Spero<br><br>Hearing: August 16, 2024, 9:30 a.m.<br>Location: Videoconference<br>Filed: April 27, 2022 |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[~~PROPOSED~~] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA
SETTLEMENT

Case No. 22-CV-02574-JCS

1

2    Upon consideration of Plaintiffs' Motion for Final Approval of Class Action and PAGA

3   Settlement, related declarations, all pleadings on file in the case, and argument presented at the

4   hearing, and upon the Court's review of the Stipulation Regarding Class Action and PAGA

5   Settlement ("Settlement Agreement") attached as Exhibit A to the Declaration of Rebecca Peterson-

6   Fisher in Support of Motion for Final Approval of Class Action and PAGA Settlement and the

7   exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

8       1.      "Although Rule 23 imposes strict procedural requirements on the approval of a class

9   settlement, a district court's only role in reviewing the substance of that settlement is to ensure that

10  it is 'fair, adequate, and free from collusion.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir.

11  2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). When class

12  counsel is experienced and supports the settlement, and the agreement was reached after arm's

13  length negotiations, courts should give a presumption of fairness to the settlement. *See Larsen v.

14  Trader Joe's Co.*, No. 11-CV-05188-WHO, 2014 WL 3404531, at *5, *8 (N.D. Cal. July 11,

15  2014); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) *aff'd*, 661 F.2d 939

16  (9th Cir. 1981).

17      2.      The Court finds that the settlement in this case is fair, adequate, and free from

18  collusion, and that all of the relevant *Hanlon* factors weigh in favor of granting final approval in

19  this case. *See Hanlon*, 150 F.3d 1011 at 1026. The Court thus grants final approval of the

20  settlement. As set forth in the Settlement Agreement, the total amount that defendant Red Robin

21  International, Inc. ("Red Robin" or "Defendant") shall be required to pay under this settlement

22  shall not exceed $3,200,000, plus employer taxes.

23      3.      The Court finds that distribution of notice to the class has been completed in

24  conformance with the Court's Order Granting Motion for Preliminary Approval of Class Action

25  and PAGA Settlement, ECF No. 61 ("Preliminary Approval Order").  The notice to the class was

26

27                                         1

        [PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA
28                                    SETTLEMENT

                                   Case No. 22-CV-02574-JCS

adequate, satisfied due process requirements, and was the best notice practicable under the circumstances.

4.    The Court certifies for settlement purposes the following class under Federal Rule of Civil Procedure 23(e):

> All employees who are currently or have been employed by Defendant in the State of California for workweeks during which those individuals work or worked as Assistant General Managers ("AGMs"), Kitchen Managers ("KMs"), or Assistant Managers ("AMs") (collectively, "Salaried Managers") at any time from April 27, 2018 to September 30, 2023, excluding: (1) any workweeks any Salaried Managers who did not opt out of the settlement in *Armando Bautista v. Red Robin International, Inc.*, Case No. STK-CV-UOE-2018-0002270, Superior Court of the state of California, San Joaquin County worked as KMs during the period between April 27, 2018 and February 17, 2019; and (2) any workweeks any Salaried Managers who consented to join a prior settlement in *Outlaw v. Red Robin International, Inc.*, Case No. 2:18-cv-04357, United States District Court for the Eastern District of New York worked during the period between April 27, 2018 and March 31, 2020; and (3) any Salaried Manager who signed an arbitration agreement with Defendant (the "Class" or "Class members").

5.    The Court finds that:

   a.   for settlement purposes, Class Counsel and the class representative have adequately represented the Class;

   b.   the Settlement Agreement was negotiated at arm's-length;

   c.   the settlement provided for the Class is adequate, taking into account:

      i.   the costs, risks, and delay of trial and appeal;

      ii.  the effectiveness of the proposed method of processing Class Member claims and distributing relief to the Class;

      iii. the terms of the proposed award of attorneys' fees and the timing of payment;

      iv.  no agreements required to be identified under Rule 23(e);

   d.   The Settlement Agreement treats Class Members equitably relative to each other.

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT

Case No. 22-CV-02574-JCS

6.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement Agreement, declares the Settlement Agreement binding on all Class Members who have not timely opted out, and enjoins Class Members from prosecuting the Released Claims against Defendant and Released Parties.  The Court declares the Settlement Agreement binding on all members of the PAGA Group, and enjoins PAGA Group Members from prosecuting the PAGA Released Claims against Defendant and Released Parties.

7.      The Court hereby directs the parties to effectuate the terms of the settlement as set forth in the Settlement Agreement.

8.      Within 75 days of the date of this Order, Red Robin will deposit the Gross Settlement Amount, $3,200,000, into an interest-bearing escrow account established by the Settlement Administrator, Rust Consulting ("Rust").

9.      Rust is hereby directed to distribute the Gross Settlement Amount, plus any interest earned, within ten (10) days after the funding of the settlement, as follows:

   a.  $10,000 to Plaintiff Steven Miller;

   b.  $800,000 to Class Counsel as attorney's fees and $11,848.69 as costs;

   c.  $75,000 to the California Labor and Workforce Development Agency ("LWDA"); and

   d.  the remainder, minus $11,500 for itself as settlement administration fees, to Class Members and PAGA Members pursuant to the formula set forth in Section 10 of the Settlement Agreement.

10.     Any unclaimed settlement funds after each distribution shall be tendered to the California State Controller's Office's Unclaimed Property Division in the name of the Participating Class Member or PAGA Member to whom the check was payable.

11.     The Parties shall abide by all terms of the Settlement Agreement, as modified by this Court's orders.

//

3

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT

Case No. 22-CV-02574-JCS

12.    The Court hereby enters judgment in accordance with the Settlement Agreement.


DATED: August 26 , 2024


_____
HONORABLE JOSEPH C. SPERO
Magistrate Judge of the United States
District Court for the Northern District
of California

4

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA
SETTLEMENT

Case No. 22-CV-02574-JCS